UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **ROLANDO RAMISCAL,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-04-45 |
| | § | |
| **DOUGLAS DRETKE, Director Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Institutional Division,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending before the Court is Petitioner's Rolando Ramiscal's Petition for a Writ of Habeas Corpus by a Person in State Custody (Dkt. #1). Also pending before the Court is Respondent's Motion for Summary Judgment (Dkt. # 13). After considering the parties' arguments and the applicable law, the Court is of the opinion that Ramiscal's petition should be denied and Respondent's motion should granted.

### Procedural History

Petitioner, Rolando Ramiscal, pleaded guilty to possession of a prohibited substance in a correctional facility in the 156th Judicial District Court of Bee County Texas. *See State of Texas v. Rolando Ramiscal,* Cause No. B-01-M020-0-PR-B. Ramiscal was sentenced on April 1, 2002, to twelve years imprisonment. On May 2, 2002, Ramiscal filed a request for permission to appeal his conviction in the state court. The state court judge denied the request on May 16, 2002. On January 5, 2004, Ramiscal filed an application for a state writ of habeas corpus challenging this conviction. The application for writ was denied without written order on March 10, 2004. Ramiscal filed the pending application for writ of habeas corpus on or about May 13, 2004.

**Analysis**

Respondent contends that Ramiscal did not file his federal petition within the AEDPA's limitations period. Prior to AEDPA's enactment in 1996, "a prisoner faced no strict time constraints" on seeking federal habeas corpus relief. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999). The "AEDPA establishe[d], for the first time, an explicit limitation period for state prisoners filing federal habeas petitions." *Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999). The AEDPA, which became effective April 24, 1996, "enacted a one-year period of limitation for federal habeas proceedings that runs, unless tolled, from the date on which the petitioner's conviction became final at the conclusion of direct review or during the pendency of 'a properly filed application for State post-conviction or other collateral review.'" *Cantu-Tzin v. Johnson*, 162 F.3d 295, 298 (5th Cir. 1998)(quoting 28 U.S.C. § 2244(d)(1)(A), (d)(2). Respondent contends that Ramiscal's action is barred by the one-year limitations period found in 28 U.S.C. § 2244(d).

Because Ramiscal attacks the proceedings associated with his original conviction, the one-year period of limitations ran "from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the time for seeking direct review of his conviction expired on May 1, 2002, thirty days after the date of his judgment and sentence. *See* TEX. R. APP. P. 26.2(a)(1). Thus, Ramiscal had until May 1, 2003 to file his federal habeas petition. Ramiscal's petition, filed May 13, 2004, was over a year late.

A properly filed state habeas application will toll the reasonable time period under § 2244(d)(2). *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). Ramiscal, however, did not file his state habeas petition until January 5, 2004. Thus, because the state petition was filed outside the statute of limitations, it will not serve to toll the limitations period in this instance.

Ramiscal admits that he filed his petition for habeas corpus outside the statutorily prescribed limitations period. He argues, however, that the Court should equitably toll the limitations period because he received ineffective assistance of counsel during the pendency of his state court appeal. The limitations period of § 2244(d) has long been held to be a statute of limitations, rather than a jurisdictional bar. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(citations omitted). Therefore, equitable tolling can be used to dilute the harsh effects of enforcing the one-year limitations period. *Id.* However, equitable tolling is applied sparingly and reserved for "rare and exceptional circumstances." *Id.; Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1991). Such circumstances are most often found when the plaintiff has been actively misled by the defendant or has been prevented in some extraordinary way from asserting his rights. *Grooms v. Johnson*, 208 F.3d 488, 489-90 (5th Cir.1999). Petitioner, however, must be diligent in asserting his constitutional rights, as "equity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

Ramiscal argues that he should be entitled to equitable tolling because his state appointed counsel, despite having assured him that he would appeal, abandoned the appeal without informing Ramiscal that he had done so. Ramiscal additionally asserts that the plea he entered was conditioned upon a direct appeal and that the trial judge specifically noted that his counsel would be filing an appeal. A review of the state court records, however, shows that Ramiscal entered into a plea agreement with the state which specifically waives his right to pursue a direct appeal without first obtaining leave from the trial court to file such an appeal. Under Texas Rule of Appellate Procedure 25.2,

> [i]n a plea bargain case–that is, a case in which the defendant's plea is guilty or nolo contendre and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant–a defendant may appeal only: . . .(B) after

getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2). The state court records reflect that the state court judge admonished Ramiscal that he would be waiving his right to appeal if the plea bargain was accepted. Furthermore, both Ramiscal and his attorney signed separate documents reflecting that Ramiscal had been so admonished and indicated that he understood that he was freely waiving his right to appeal. Ramiscal's decision not to file a habeas petition until two years after his sentence was imposed is not the fault of his attorney. The Court, therefore, finds that Ramiscal is not entitled to equitable tolling.

### Denial of Certificate of Appealability

Under 28 U.S.C. § 2253, Ramiscal needs to obtain a certificate of appealability before he can appeal this Order dismissing his petition. To obtain a certificate of appealability, Ramiscal must make a substantial showing of the denial of a constitutional right. *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998). To make such a showing, Ramiscal must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998). For the reasons stated in this Memorandum and Order, Ramiscal has not made a substantial showing of the denial of a constitutional right. The court **DENIES** the issuance of a certificate of appealability in this action.

### Conclusion

The court ORDERS the following:

1. The motion for summary judgment (Dkt. #13) is GRANTED.

2. A certificate of appealability is **DENIED**.

3. This action is **DISMISSED**, with prejudice.

Signed this 9th day of May, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE